430 So.2d 124 (1983)
STATE of Louisiana, State-Appellee,
v.
Doyl TULLY, Defendant-Appellant.
STATE of Louisiana, State-Appellee,
v.
Vonette TULLY, Defendant-Appellant.
Nos. 15160-KA, 15161-KA.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
Rehearing Denied May 5, 1983.
*126 James David Caldwell, Dist. Atty. and Crawford Rose, Asst. Dist. Atty., Tallulah, for state-appellee.
Richard V. Burnes, Alexandria, for defendants-appellants.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
The defendants in these cases, Doyl and Vonette Tully, both pled guilty to attempted possession of a controlled dangerous substance (methaqualone) in violation of LSA-R.S. 40:967 and LSA-R.S. 14:27 and each was sentenced to one year and three months imprisonment at hard labor in the custody of the Department of Corrections. The defendants appeal their sentences. We affirm.
The appellants set out three assignments of error.[1] These assignments are asserted in two primary contentions by appellant: first, that the district judge failed to comply with C.Cr.P. art. 894.1; and, second, that the sentences imposed by the district judge are constitutionally excessive.
We begin with a review of the facts.
On November 25, 1980, officers of the Louisiana State Police searched the residence of Doyl and Vonette Tully located near Tallulah in Madison Parish, Louisiana, pursuant to a search warrant. The officers found three ounces of marijuana, two pieces of hashish, eight methaqualone tablets and a cocaine "cutting and sifting kit" which contained traces of cocaine. The Tullys and a visitor in their home were arrested. Doyl and Vonette were each charged with possession of methaqualone, a schedule II controlled dangerous substance.[2]
At the time they were arrested Doyl and Vonette Tully were 28 and 24 years old respectively. They owned and operated a men's clothing store in Tallulah. Though this business had previously been successful it failed after they were arrested.
Both defendants are high school graduates. They were married in August, 1978.
Since his arrest Mr. Tully, who had previously attended college, has resumed his education at Northeast Louisiana University. He is studying computer science, works in the computer lab and has received a scholarship. At the time of sentencing Mr. Tully needed approximately 36 hours to graduate. In addition to pursuing his education, since his arrest Mr. Tully has worked as a farm hand and his work is highly praised by his employer.
Mrs. Tully now works at two jobs. She is a real estate salesperson and also works as a clerk in a store. Her employers describe Mrs. Tully as a dedicated and trusted employee.
The Tullys have attempted to improve their lives in other ways as well. They have ceased associating with persons involved with drugs and those who use alcohol to excess. The Tullys have become active in the Baptist Church and they have expressed remorse for their drug involvement.
The record contains numerous letters from friends, relatives, employers and teachers which describe in glowing terms the changes in the defendants.
Neither of the defendants had ever been arrested or convicted before November 25, 1980, and there is no indication that either has been involved in any illegal activity since that time.
On July 19, 1982, pursuant to a plea bargain, both defendants pleaded guilty to the *127 reduced charge of attempted possession of methaqualone. The district judge ordered a presentence investigation on each defendant.
The sentencing hearing was held on August 20, 1982, after the presentence investigations had been completed. The district judge imposed the sentences complained of and these appeals followed.

I.
The appellants contend that the district judge failed to comply with C.Cr.P. art. 894.1. In support of this contention they argue: that the district judge should not have considered the other drugs found in their home; that he should have individually listed and negated all eleven factors enumerated in C.Cr.P. art. 894.1 B, and that the district judge should not have considered his past experience in imposing sentence.
The transcript of the sentencing hearing shows that the district judge weighed and considered many factors in determining the sentences to be imposed. Among the factors in the defendants' favor considered by the district judge were the letters of recommendation, their work records, their lack of criminal records, their post arrest behavior and Mr. Tully's educational activities. The district judge also considered the presentence investigation reports, the presence of other drugs at the time defendants were arrested, the nature of methaqualone and its potential for abuse, his past experience with recidivism among drug offenders and drug sentences, the serious nature of the offense of attempted possession of methaqualone and the need for deterrence.[3]
The sentencing judge may consider evidence of other offenses in determining sentence and he may rely on the presentence investigation report's references to other offenses. State v. Hatter, 338 So.2d 100 (La.1976); State v. Pierson, 296 So.2d 324 (La.1974). The presentence investigation report on each defendant sets out that other drugs were recovered from the defendants' residence. These reports were made available to defendants' counsel who reviewed them.
Despite their knowledge of the contents of the reports, including the statements as to the other drugs found in their home, appellants made no effort to contradict the reports at the sentencing hearing and they have never contended that the reports were inaccurate. Under these circumstances it was proper for the district judge to consider the presence of the other drugs.
The sentencing judge is not required to recite a list of every factor mentioned in C.Cr.P. art. 894.1 in order to fulfill the requirements of the article. State v. Kline, 427 So.2d 1298 (La.App. 2d Cir.1983). Indeed, a mere recitation of the factors enumerated in the article with nothing more would be insufficient. Cf. State v. Fields, 394 So.2d 597 (La.1981) (checking off aggravating factors from a list held inadequate), and State v. Fergus, 418 So.2d 594 (La.1982) (use of form for mitigating factors coupled with trial judge's written comments as to each held sufficient).
A recitation of the type advocated by appellants would be of no aid in our review of these sentences. The district judge has stated the factors he considered in imposing these sentences. His failure to couch them in the language of the article does not hinder us in our task. In substance the appellants advocate the elevation of form over substance and this we reject.
Finally, we reject appellants' contention that the sentencing judge may not consider his past experience. The sentencing judge is not required to determine sentences in a vacuum. Though it would be error for a sentencing judge to consider only his past experience or to give his past experience controlling weight over other factors, past experience is an appropriate factor for the sentencing judge to consider along with the facts of the particular case before him.
*128 The record shows that the district judge considered the sentencing guidelines and stated for the record the reasons for the sentences imposed. The district judge complied with C.Cr.P. art. 894.1. State v. Lathers, 414 So.2d 678 (La.1982): State v. Guiden, 399 So.2d 194 (La.1981).

II.
We now turn to appellants' contention that their sentences are constitutionally excessive.[4]
A sentence is excessive, and in violation of LSA-Const. Art. 1 § 20, if it is grossly out of proportion to the severity of the crime or nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Guiden.
The sentencing guidelines of C.Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
The factors enumerated in C.Cr.P. art. 894.1 B do not control the discretion of the sentencing judge. State v. Jackson, 360 So.2d 842 (La.1978).
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Forshee, 395 So.2d 742 (La.1981), State v. Prados, 404 So.2d 925 (La.1981); State v. Bing, 410 So.2d 227 (La.1982); State v. Howard, 414 So.2d 1210 (La.1982); State v. Feeback, 414 So.2d 1229 (La.1982).
Because the district judge considered all relevant factors and stated them for the record before imposing these sentences the determinative inquiry is: did the sentencing judge commit a manifest abuse of his wide discretion in imposing these sentences on these defendants. We think not.
The defendants' pleas of guilty exposed them to a maximum penalty of 30 months imprisonment at hard labor and a fine of $2,500. LSA-R.S. 40:967 and LSA-R.S. 14:27 D(3). The sentences actually imposed represent only half the maximum imprisonment and include no fines.
The district judge's remarks at the sentencing hearing indicate he concluded a sentence of imprisonment was required because any lesser sentence would deprecate the seriousness of the offenses and for deterrence. The district judge considered the factors in appellants' favor for the purpose of reducing the term of imprisonment, however, he found them insufficient to justify the imposition of merely a suspended sentence or probation.
Methaqualone is a dangerous drug whose use has been strongly condemned by the legislature as is shown by the substantial penalty to which these defendants were exposed by their attempted possession of the drug. Attempted possession of methaqualone is, as the district judge observed, a serious offense.
The district judge also viewed the sentences imposed as necessary for the purpose of deterrence. The district judge rejected suspended sentences or probation and we are in accord with his apparent view that such sentences in these cases would have had little or no deterrent effect.
Deterrence, both of the accused and others, is a legitimate object of a sentence for criminal conduct. State v. Howard, 262 La. 270, 263 So.2d 32 (1972); State v. Frank, 344 So.2d 1039 (La.1977); State v. Jackson. Further, the sentencing judge should impose a term of imprisonment when a lesser sentence will deprecate the seriousness of the offense. C.Cr.P. art. 894.1 A(3).
While there are factors here which militate towards the imposition of suspended *129 sentences or probation, particularly the lack of prior offenses, defendants' work records and their post arrest lifestyle, they were considered by the district judge. Despite these factors he still concluded that imprisonment should be imposed, though for a lesser term than he had originally considered. The presence of these factors does not control the discretion of the district judge. State v. Jackson.
We cannot say that the sentences imposed are identical to what we would have imposed on these defendants, however, neither can we say that the sentences are grossly out of proportion to the severity of the offenses or nothing more than the purposeless and needless imposition of pain and suffering. On this record there was no manifest abuse of his wide discretion by the sentencing judge.
For the foregoing reasons the sentences of the defendants, Doyl and Vonette Tully, are AFFIRMED.
NOTES
[1] The appellants maintain that the district judge erred in:

a) failing to follow the sentencing guidelines of C.Cr.P. art. 894.1;
b) imposing an excessive, cruel and unusual sentence; and
c) giving inadequate consideration to sentencing alternatives other than imprisonment.
[2] It appears that there were also other charges against both defendants relative to the other contraband discovered in their home. These other charges, though frequently alluded to by counsel for the defendants and the state, are not set out in this record.
[3] Methaqualone is also known as Qualude.
[4] Though appellants' second assignment of error appears to suggest that they regard their sentences as unconstitutional, cruel and unusual punishment, they did not advance this issue in brief or at oral argument and we do not address it.