454 So.2d 1287 (1984)
STATE of Louisiana, Appellee,
v.
John L. WILLIAMS, Sr., Appellant.
No. 16147-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1984.
*1288 J. Stacey Freeman, Bossier City, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Terry L. Lindsey, Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before PRICE, HALL and NORRIS, JJ.
HALL, Judge.
The defendant was charged by bill of information with committing negligent homicide in violation of LSA-R.S. 14:32. Upon the advice of his retained counsel the defendant pled guilty. There is no indication in the record that either the charge or the guilty plea was the result of any plea bargaining. After a sentencing hearing but without the benefit of a pre-sentence investigation report, the district court imposed a sentence of five years imprisonment at hard labor, the maximum term of imprisonment authorized by LSA-R.S. 14:32. Defense counsel moved for and was granted an appeal but failed to file any assignments of error in the district court. Because of the absence of any assignments of error this court, in a per curiam opinion, found defendant was entitled to an error patent review only and, finding no errors patent, affirmed the conviction and sentence.
The defendant, represented by different counsel, thereafter filed an application in the district court for post-conviction relief asserting that (1) he had been assured by his original retained counsel that he would not receive any jail time, and (2) he had been deprived of a review of his sentence on appeal because of the ineffectiveness of his original counsel in failing to file assignments of error in connection with his appeal. Defendant prayed that he be allowed to withdraw his guilty plea or, alternatively, that he be granted a delayed appeal. The district court found no merit to defendant's claim concerning the assurance of no jail time because of defendant's clear statements at the guilty plea hearing that he had been given no assurances or promises as to the length of the sentence that might be imposed. However, the district court found it patent on the face of the record that defendant was deprived of his constitutional right of appellate review of the *1289 sentence imposed because of the ineffectiveness of his counsel in failing to properly assert his complaint as to the sentence by filing an assignment of error. The district court, therefore, granted defendant an out-of-time or delayed appeal, the appropriate and correct relief under the circumstances.
In his assignments of error filed in connection with this appeal, defendant contends the trial court erred in failing to follow the sentencing guidelines provided by LSA-C.Cr.P. Art. 894.1 and in imposing an excessive sentence contrary to the provisions of the Louisiana Constitution of 1974, Art. 1, § 20.
Article 894.1 lists 3 factors justifying the imposition of a sentence of imprisonment, enumerates 11 factors to be considered by the court in its determination of suspension of sentence or probation, and requires that the court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. The sentencing guidelines of Article 894.1 provide the criteria to be considered in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect that the judge adequately considered these guidelines in particularizing the sentence to the offense and to the offender. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, 434 So.2d 452 (La. App. 2d Cir.1983); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983).
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983). The sentence must be adapted to the offender as well as the offense. State v. Fields, 394 So.2d 597 (La.1981). A sentence is constitutionally excessive if it amounts to the imposition of needless suffering and if the sentence imposed tends to shock the court's sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Maximum sentences are appropriately imposed only in cases involving the most serious violations of the subject offense and the worst kind of offender. State v. Jones, 398 So.2d 1049 (La.1981). Maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class. State v. Telsee, 425 So.2d 1251 (La.1983).
The statement of the facts given at the guilty plea hearing by the prosecutor which the defendant agreed is correct is as follows:
"Your Honor, on the date charged in the Bill of Information, which is December 6th, 1981, John L. Williams was arrested at his residence at 3115 Alabama Street after firing one shot from a .357 magnum, which struck Roger Smith, who also lived at that same address along with Mr. Williams. There were several individuals at the residence including a son of the defendant, John L. Williams. All individuals gave brief statements to police officers at the scene, stating that the shooting was accidental. It was apparent to the officer responding to the call that all occupants at that time had been drinking. The officers were able to determine that at some point during the drinking among these individuals an argument took place between John L. Williams and several other occupants of the residence. Mr. Williams went to a bedroom and came back with a .357 magnum revolver, pulled the hammer back and was waving the gun in the air at that time, continuing to yell. At some point the gun discharged and Roger Smith was struck. The defendant identified himself as the person firing the weapon when officers came to the scene, and was arrested at that time."
The record indicates that the defendant who is in his early sixties owns his home in *1290 Shreveport where he has lived for many years. He was a long-time employee of the Illinois Central Railroad, now retired. The victim had lived with and been cared for by the defendant for many years. The defendant also cares for his elderly grandmother. The defendant is remorseful and apologetic about the incident, which he stated was entirely accidental.
The defendant has no prior convictions. A police record showed that he was arrested for DWI on two occasions several years prior to the shooting incident but did not show any disposition of the charges. The police record also reflected that some 24 years prior to the shooting incident the defendant was involved in another incident where a man was shot. The only information concerning the previous shooting incident was furnished by the defendant himself and his explanation left him entirely without blame or fault in that incident.
At the sentencing hearing the trial court found that the defendant would not be a proper candidate for a suspended sentence and that this type of incident could happen again. There is no factual basis in the record for the court's finding that there is an undue risk that during the period of a suspended sentence or probation the defendant would commit another crime. The trial court noted that with the death of an individual, as we have in this case, any lesser sentence than the maximum would take away from the seriousness of the offense. Since all negligent homicide cases involve the death of a person, this reasoning would require the maximum sentence in every such case regardless of the circumstances. Unquestionably, however, the defendant's conduct amounted to a serious violation of the charged offense. The trial court noted that there are certain mitigating factors which the court considered, but the court failed to articulate any of the mitigating circumstances or to give effect to any of those circumstances in imposing the maximum sentence. The trial court was of the opinion that the maximum penalty allowed by law is called for based upon the facts of this case and the defendant's previous record. The court stated that the previous shooting incident "bears quite heavily on the sentence given by the court in this case." This was an inappropriate consideration because the only information concerning the previous shooting incident which occurred 24 years earlier indicates that the defendant was not culpable in that incident.
The record does not reflect consideration by the trial court of the other factors enumerated in Article 894.1. Because of noncompliance with Article 894.1 and because the facts and circumstances of this offense and this offender as revealed by the present record do not seem to justify the maximum sentence authorized by LSA-R.S. 14:32, the sentence will be set aside and the case will be remanded for resentencing. A pre-sentence investigation report should be obtained and considered by the trial court.
A troublesome feature of this case is that at no point in these proceedings has the applicability of LSA-C.Cr.P. Art. 893.1 been raised; not by the state, defense counsel, or the district court. This article, as applied to this case, would mandate a sentence of five years at hard labor without benefit of suspension of sentence, probation, or parole.
During the guilty plea hearing, defendant was advised by the court that the maximum sentence which could be imposed was a $5,000 fine and five years imprisonment with or without hard labor. He was not advised of the enhanced penalty provisions of Article 893.1. Because the defendant was not given notice of the applicability of Article 893.1 and the penalty provided therein, the guilty plea was taken and the sentence was imposed under the penalty provisions of LSA-R.S. 14:32, and the state makes no assertion of the applicability of Article 893.1 or that the sentence is illegally lenient, fundamental fairness requires that the defendant's sentence on remand be considered under the provisions of LSA-R.S. 14:32 without regard for the provisions of Article 893.1. See State v. Jackson, 452 So.2d 682 (La.1984); State v. Napoli, *1291 437 So.2d 868 (La.1983). See also SentencingCommission of Felony With a Firearm, Cheney C. Joseph, Jr., 42 La.L. Rev. 701.
For the reasons assigned, the defendant's sentence is set aside and the case is remanded for resentencing after receipt and consideration of a pre-sentence investigation report.
Reversed and remanded for resentencing.