SEXTON, Judge.
The defendant, George Williams, Jr., age 63, was charged by bill of information with Attempted Second Degree Murder. The sentencing range for this offense is up to fifty years at hard labor. The defendant entered a plea of guilty to Second Degree Battery, which carries a maximum sentence of five years with or without hard labor and/or a fine of $2000. The defendant was sentenced to four years at hard *1269 labor and complains of the excessiveness of sentence on appeal. Finding no abuse of discretion in the trial court’s imposition of this four year hard labor sentence, the defendant’s sentence is affirmed.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits, and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied, 439 So.2d 1074 (La. 1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
The defendant was charged as a result of the following factual circumstance. The defendant had a dating relationship with the victim of this offense and was apparently supporting her. The two were together in a bar, where the victim spurned the attention of the defendant in preference to another man. Shortly after declining to leave the bar with the defendant, she accepted an invitation to go to the other man’s room. As she got up to leave, the defendant became enraged and stabbed her several times with a small short-blade pocket knife. These wounds were inflicted to the victim’s upper chest area and required two days hospitalization.
The trial court specifically adverted to the defendant’s long history of criminal conduct. Over a period of forty years it appears the defendant had some seven or eight felony convictions involving crimes against property, and any number of misdemeanor driving and alcohol related offenses. The trial court noted that the defendant did not have a history of violent crimes and took into consideration the defendant’s medical complaints of hypertension, colitis, and brain and heart problems. The trial court determined that these problems did not outweigh the seriousness of the offense involved. Under the circumstances of this case, we find no abuse of discretion in the trial court’s imposition of this four year hard labor sentence, and accordingly, the defendant’s sentence is affirmed.
AFFIRMED.