463 So.2d 853 (1985)
STATE of Louisiana, Appellee,
v.
Elijah RICHARDSON, Appellant.
No. 16700-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
*854 E. Roland Charles, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Dist. Atty., Baton Rouge, Johnny Parkerson, Dist. Atty., Earl Cox, Asst. Dist. Atty., Monroe, for appellee.
Before HALL and FRED W. JONES, Jr., JJ., and PRICE, J. Pro Tem.
HALL, Judge.
The defendant, Elijah Richardson, appeals his sentence pursuant to his conviction of Driving While Intoxicated, Third Offense, LSA-R.S. 14:98. The defendant entered a plea of guilty and was sentenced by the court to a term of imprisonment of five years at hard labor without benefit of parole, probation, or suspension of sentence. Finding no error by the trial court, we affirm.
The pre-sentence investigation report in the present case indicates that the defendant was arrested by the Monroe Police Department on May 1, 1983. According to the PSI, Monroe police officers saw the defendant driving a vehicle and knew that his license was revoked. The officers stopped the vehicle, found the defendant very unsteady on his feet, and smelled an odor associated with alcohol. The defendant was given a field sobriety test and failed. Defendant was taken to the Monroe City Jail where he refused to take the PEI breath test.
On appeal, the defendant asserts the following assignment of error:
"Defendant was sentenced to five years at hard labor for DWI, Third Offense without benefit of parole, probation or suspension of sentence, which sentence is excessive and out of proportion for sentences rendered in the past for convictions under similar circumstances and which sentence shows little *855 regard for the sentencing guidelines as outlined in the code of criminal procedure."
The defendant contends that the conclusions reached by the trial court at the sentencing hearing are unfounded and not well grounded in the provisions of Article 894.1. Additionally, the defendant contends that although the sentence was within the statutory limits, the sentence was unconstitutionally excessive.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits, and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Browning, 454 So.2d 1241 (La.App. 2d Cir.1984).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect that he has adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983).
A sentence is constitutionally excessive in violation of Art. 1, § 20 of the Louisiana Constitution of 1974, if it is grossly out of proportion to the severity of the offense or nothing more than a needless or purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
Under LSA-R.S. 14:98, on a third DWI conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and may be fined not more than one thousand dollars. At least six months of the sentence of imprisonment imposed shall be without benefit of probation, parole, or suspension of sentence.
In the present case, the defendant was sentenced to the maximum possible term of imprisonment of five years at hard labor without benefit of parole, probation, or suspension of sentence. The Louisiana Supreme Court has previously determined that maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981).
The defendant's pre-sentence investigation report revealed that the defendant had been convicted of operating a vehicle while intoxicated 11 times within the previous 9 years. The trial court gave great weight to the defendant's apparent inability to refrain from driving while drinking alcoholic beverages. The court referred to the defendant's most recent suspended sentence from a South Carolina conviction of Driving Under the Influence and noted that the defendant had continued his conduct of drinking and driving. The trial court found that the defendant's conduct did cause or threaten serious harm to society even though no property damage or physical injury arose from the conduct in the present case. Due to the defendant's record, the court found that the defendant is not likely to respond affirmatively to probationary treatment. The court found that there was an undue risk that during the period of a suspended sentence the defendant would commit another crime, that the defendant was in need of correctional treatment, and that a lesser sentence would deprecate the seriousness of the defendant's crime due to the nature of the defendant's extensive history of DWI offenses.
The record in the present case reflects that the trial court adequately considered the guidelines set forth in Article 894.1. Although the defendant's present crime did not cause property damage or physical injury, defendant has an extensive history of driving while intoxicated offenses which justify the maximum sentence imposed. In *856 view of the defendant's repeated violation of the driving while intoxicated laws, the sentence imposed is not out of proportion to the severity of the offense, is not a needless and purposeless imposition of pain and suffering, and the defendant may be categorized as a most egregious and blameworthy offender.
Finding no merit to defendant's assignment of error, the defendant's sentence is affirmed.
Affirmed.