465 So.2d 817 (1985)
STATE of Louisiana, Appellee,
v.
Harold WINZER, Appellant.
No. 16717-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
*818 William D. Dyess, Many, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, Don Burkett, Dist. Atty., Many, Herman L. Lawson, Asst. Dist. Atty., Mansfield, for appellee.
Before HALL, FRED W. JONES and NORRIS, JJ.
HALL, Judge.
The defendant, Harold Winzer, age 33, was charged by bill of information with forgery in violation of LSA-R.S. 14:72. Pursuant to plea negotiations between the defendant's appointed counsel and the state, defendant entered a plea of guilty to one count of forgery. The state dismissed a pending felony charge against the defendant and agreed not to charge the defendant as a multiple offender under the Louisiana habitual offender law. After the preparation and receipt of a pre-sentence investigation concerning the defendant, the district court sentenced the defendant to the maximum imposable prison term, that *819 is, ten years at hard labor. From this sentence the defendant appealed, claiming in assignments of error numbers one and two that the trial court failed to properly apply and articulate sentencing considerations under LSA-C.Cr.P. Art. 894.1 and in assignments of error number three of the unconstitutionally excessive nature of the sentence actually imposed. Finding no abuse in the trial court's application and articulation of sentencing considerations under LSA-C.Cr.P. Art. 894.1, and further finding no constitutional excessiveness in the sentence actually imposed against the defendant, we affirm.
The record reflects that on June 8, 1983, the defendant forged a check in the amount of $267.83 drawn on the United Mercantile Bank in Shreveport, made payable to the order of Harold Welch and signed Daniel Coleman, and cashed the check at the Piggly Wiggly store in Mansfield.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
By these assignments, the defendant contends that the trial court failed to follow the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983). The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir. 1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record should reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983). Additionally, maximum sentences are reserved for the most egregious and blameworthy of offenders within a class. State v. Telsee, 425 So.2d 1251 (La. 1983); State v. Jones, 398 So.2d 1049 (La. 1981); State v. Richardson, 463 So.2d 853 (La.App. 2d Cir. 1985).
The defendant contends that the trial court erred in not considering the mitigating factors in favor of the defendant in arriving at the sentence. The defendant contends that the court failed to review the defendant's family stability, his dependants, his potential for rehabilitation, and his employment record. However, the defendant does not point to any mitigating factor weighing in his favor, and the pre-sentence investigation report referred to by the trial court shows that the facts relating to each of the mentioned factors would weigh against the defendant.
At the defendant's sentencing hearing, the trial court filed written reasons for the sentence imposed. The court stated that the defendant's presentence report reflected that the defendant had a long felony criminal record dating back to 1973 at which time the defendant was sentenced to serve five years for a conviction of armed robbery. The court noted that the defendant was also sentenced to serve one year at hard labor in 1980 and that the defendant therefore was not eligible for a probated or suspended sentence. The court found nothing in the history of the defendant to indicate that the defendant had any intention from refraining from criminal activities. Therefore, the court found that correctional treatment was in order and that society needed to be protected. The defendant was then sentenced to the maximum possible term of imprisonment of ten years at hard labor.
We find that the trial court's articulation of the sentencing considerations was adequate and that the facts of defendant's present crime and prior criminal history support the imposition of the maximum possible term of imprisonment. According to defendant's presentence investigation report, the defendant is a third felony offender. *820 Considering the defendant's inability to refrain from violating the laws of this state, the defendant may be classified as a most egregious and blameworthy of offenders. These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment, the defendant contends that the sentence imposed was unconstitutionally excessive. A sentence is unconstitutionally excessive in violation of Art. 1 Sec. 20 of the Louisiana Constitution of 1974 if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
The defendant in the present case is a repeat offender. The defendant is thirty-three years of age and has only sporadic periods of gainful employment. The defendant has demonstrated an inability to refrain from criminal conduct. He benefited substantially from the plea bargain in which the state dismissed another charge and agreed not to file an habitual defender bill. A plea bargain which brings about substantial benefits to the defendant is a legitimate consideration in sentencing. State v. Lanclos, 419 So.2d 475 (La.1982). Under these circumstances the imposition of a ten year sentence is not out of proportion to the severity of the offense or a needless and purposeless imposition of pain and suffering. This assignment of error is without merit.

DECREE
Finding no merit to defendant's assignments of error, the conviction and sentence are affirmed.
AFFIRMED.