471 So.2d 867 (1985)
STATE of Louisiana, Appellee,
v.
Leon BROCKETT, Appellant.
No. 17010-KA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1985.
Rehearing Denied July 12, 1985.
*868 Indigent Defender Office by Mary A. Brown, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., James E. Stewart and John Broadwell, Asst. Dist. Attys., Shreveport, for appellee.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Leon Brockett, was tried before a jury and found guilty as charged of aggravated sexual battery in violation of LSA-R.S. 14:43.2. The trial court sentenced the defendant to serve 15 years at hard labor. Finding no error by the trial court, we affirm.

FACTS
Late in the evening on December 27, 1983, the defendant and Calvin French were at the home of Sharon Gainy in Shreveport where Sharon was babysitting three year old Twika Williams. An argument occurred between Sharon and Calvin and Sharon left her residence to go to her mother's house, leaving Twika with the defendant and Calvin Williams. After Sharon left, Twika stated that she wanted to go and find Sharon. The defendant then offered to take Twika and find Sharon. The defendant left the Gainy residence with Twika at approximately 11:00 p.m.
According to a statement given by the defendant, he took Twika behind a storage facility where he laid her on the ground, *869 took off her pants and underpants, and inserted his finger in her vagina. The defendant then put Twika's clothes back on. He ultimately returned her to Sharon Gainy's residence. When they arrived there, Twika's clothes were muddy and damp and she was unconscious, suffering from hypothermia. A rescue unit from the Shreveport Fire Department was called to the residence and took Twika to Louisiana State University Medical Center.
At the medical center, Twika was treated for hypothermia and examined for evidence of a possible sexual assault. This examination revealed that she had been sexually assaulted, although there was no evidence of sexual intercourse.
The defendant was arrested on the morning of December 28, 1983 and twice denied having anything to do with Twika. However, the next day the defendant made a statement to the police confessing the sexual battery.
Following his jury trial and conviction, defendant has appealed to this court initially asserting the following assignments of error:
1. The trial court erred in denying defendant's pre-trial motion to suppress statements.
2. The trial court erred in finding the alleged victim, Twika Williams, to be an incompetent witness, and, thereafter denying defendant's request that she be called as a witness by the defense.
3. The trial court erred in imposing the maximum possible sentence of imprisonment and in not stating a sufficient basis therefore.

ASSIGNMENT OF ERROR NO. 1
By this assignment, the defendant contends that the trial court erred in denying his motion to suppress statements. Specifically, the defendant contends that he was under such stress at the time the statements were given that they cannot be considered to be freely and voluntarily given.
Appellate review of a trial court's denial of a motion to suppress statements is well settled and has been set forth by this court in State v. Birdsong, 452 So.2d 1236 (La. App. 2d Cir.1984), as follows:
Before the State may introduce a confession into evidence, it must be affirmatively shown that it was freely and voluntarily given and not adduced by threats, promises, or coercion. La.R.S. 15:451; State v. Neslo, 433 So.2d 73 (La.1983); State v. Burkhalter, 428 So.2d 449 (La. 1983); State v. David, 425 So.2d 1241 (La.1983). Where the defendant alleges police misconduct in reference to the statement, the State must specifically rebut these allegations. State v. Neslo, supra; State v. Serrato, 424 So.2d 214 (La.1982); State v. West, 408 So.2d 1302 (La.1982). Whether such a showing has been made as analyzed on a case-by-case basis with regard to the facts and circumstances of each case. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); State v. Benoit, 440 So.2d 129 (La.1983); State v. Lindsey, 404 So.2d 466 (La.1981), U.S. cert. denied, ___ U.S. ___, 104 S.Ct. 261, 78 L.Ed.2d 246. Where the accused is in custody, a prerequisite to admissibility of a confession is the advising of the accused of his constitutional rights and his intelligent waiver of those rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The trial court's determination that a statement was free and voluntary is entitled to great weight and will not be disturbed unless it is not supported by the evidence. State v. Benoit, supra, State v. Lindsey, supra.

The defendant gave four statements to Shreveport Police Officers after he was arrested. The evidence shows that each interview was relatively short and before each session the defendant was advised of his constitutional rights, waived those rights and agreed to give a statement.
On the day of defendant's arrest, the defendant twice gave statements to police officers in which he denied sexually assaulting Twika. On the following morning the defendant again gave a similar statement to police officers. However, after *870 discovering inconsistencies between the defendant's statements and the facts obtained by the officers during their investigation, the police officers questioned the defendant a fourth time on the afternoon of December 29, 1983, the day after his arrest. The officers informed the defendant of the inconsistencies which they had discovered in their investigation. At that time, the defendant admitted that he took Twika behind a storage facility, lay her upon the ground and inserted his finger in her vagina.
The defendant contends that the continued questioning by the police, along with the alcohol and marijuana he claimed to have used on the night of the incident, combined to affect him so that his statements cannot be considered freely and voluntarily given.
Each officer who testified at the hearing on the motion to suppress stated that the defendant, though he appeared to have been drinking, was coherent and knew what was going on around him on the morning of his arrest. Each time the defendant was questioned he was advised of his constitutional rights and each time the defendant waived his right to remain silent and did not request the aid of counsel. There is no evidence from the testimony adduced at the motion to suppress hearing which would indicate that the defendant's statements were induced by threats, promises, or coercion. The defendant's fourth and last statement is clearly the most damaging statement and any effect from the alcohol and marijuana he may have consumed prior to the morning of his arrest would certainly have dissipated by the time the defendant made the inculpatory statement. Therefore, we find that the trial court's determination that the statements were free and voluntary is supported by the evidence and we find no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant contends that the trial court erred in finding the alleged victim, Twika Williams, to be an incompetent witness. However, since this assignment of error has not been briefed nor argued by defense counsel, it is considered abandoned. State v. Domingue, 298 So.2d 723 (La.1974).

ASSIGNMENT OF ERROR NO. 3
By this assignment, the defendant contends that the trial court erred in imposing the maximum possible sentence of imprisonment and erred in not stating a sufficient basis for the sentence under LSA-C.Cr.P. Art. 894.1.
The defendant contends the trial court only considered the aggravating factors under Article 894.1 and in particular, the defendant's past criminal record. The defendant contends that the record does not indicate that the trial court took into account any of the mitigating factors that are listed in Article 894.1. Specifically, the defendant notes that the court did not provide any information on defendant's personal background, such as his age, mental and physical health, family, and work record. Defendant contends that since the trial court failed to articulate this information his sentence should be vacated.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983). While the trial court need not articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect he adequately considered the guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983). An articulation of reasons for the sentence imposed under Article 894.1 is especially important in cases where maximum sentences are imposed since maximum sentences are to be reserved for the most egregious and blameworthy of offenders. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Richardson, 463 So.2d 853 (La.App. 2d Cir.1985). A remand for a more complete compliance *871 with Article 894.1 is not necessary where the record clearly illumines the sentencing choice. State v. Martin, 400 So.2d 1063 (La.1981).
In the present case, the defendant received the maximum possible sentence under LSA-R.S. 14:43.2 of 15 years at hard labor. The trial court noted that the defendant's prior criminal record was extensive although in many cases the crimes involved misdemeanors. In 1973 the defendant received a sentence of three years at hard labor. After his release, the defendant was again involved in several misdemeanor offenses. The court particularly noted that the victim was approximately three and one-half years of age at the time of the offense. In addition to the sexual assault, the defendant's actions threatened such grave bodily harm upon this child that the authorities at first thought she might die. The evidence showed that the defendant had placed the child upon the cold, wet ground without clothes in 20° weather. The court found that there was no provocation for the defendant's actions, nor any justification or defense to the crime. After reviewing the facts and circumstances of the crime the court found no redeeming factor which would entitle the defendant to receive any less than the maximum sentence provided by law.
The defendant contends that the trial court failed to consider the mitigating factors in the defendant's case; however, the defendant does not indicate what factor mitigates in his favor. The record reflects that the defendant is 30 years of age and has an extensive criminal record. He dropped out of school in the 11th grade and has only sporadic instances of employment. In sum, as did the trial court, we find no mitigating factors in the defendant's favor which would justify any lesser sentence than that imposed in this case. This assignment of error is without merit.

DECREE
Having found no merit to defendant's assignments of error, his conviction and sentence are affirmed.
AFFIRMED.