LINDSAY, Judge.
The defendant, Lantis Tatum, was charged by bill of information with the offense of illegal use of weapons in violation of LSA-R.S. 14:94. After pleading guilty to the charge, the trial court sentenced the defendant to serve two years at hard labor. On appeal, the defendant contends that the trial court imposed an unconstitutionally excessive sentence in violation of Article 1, Section 20 of the Louisiana Constitution of 1974. We affirm.
On November 15, 1983, officers of the Jackson Parish Sheriff’s Department went to the home of Joshua Tatum near Chat-ham, Louisiana for the purpose of arresting Willie Tatum on a charge of second degree murder. The officers had received information that Willie Tatum would be there attending a family gathering. While at the Tatum residence, six deputies positioned themselves around the house. Two deputies positioned themselves in the woods behind the residence at a point where they could observe the back door of the house. Two deputies questioned the defendant concerning the whereabouts of Willie Tatum. The defendant was uncooperative and stated that he did not know a Willie Tatum. As the two officers were returning to their car, the defendant fired two shots from a .38 caliber pistol in the direction of the two officers who were in the woods in the rear of the house. One shot struck a tree limb approximately three feet above one deputy’s head and one shot struck the ground between the two deputies who were standing approximately ten feet apart. The defendant was then arrested. He was originally charged with two counts of Attempted First Degree Murder, as well as other offenses arising from his arrest.
The defendant admitted firing the shots but contends that he was just shooting in the air into the woods and did not see the two deputies. Under LSA-R.S. 14:94, the defendant received the maximum term of imprisonment of two years at hard labor. He now contends that the trial court’s reasons for the sentence are not supported by the record and the sentence is unconstitutionally excessive.
A sentence is unconstitutionally excessive in violation of Article 1, Section 20 of the Louisiana Constitution of 1974 where it is grossly out of proportion to the severity of the crime or where it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence, although within the statutory limits, may violate a defendant’s constitutional rights against excessive punishment. The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide a helpful criteria to consider in determining whether a sentence is unconstitutionally excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983). An articulation of reasons for the sentence imposed under Article 894.1 is especially important in cases where maximum sentences are imposed since maximum sentences are to be reserved for the most egregious and blameworthy of offenders. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Richardson, 463 So.2d 853 (La.App. 2d Cir.1985).
The trial court found that the most impressive factor in the defendant’s case was the defendant’s obstinate and obstructive behavior in dealing with several law enforcement officers and the serious consequences that followed when the defendant fired two shots in the direction of and very near the deputies. The court found no substantial grounds tending to excuse the defendant’s conduct. The trial court did consider the fact that the defendant had no prior criminal record and had led a law abiding life for a substantial period of time *889 before the commission of the present offense. In summary, the record reflects that the trial court complied with Article 894.1 by particularizing the sentence to the defendant by considering the aggravating and mitigating circumstances of the defendant’s case.
Additionally, we find no error by the trial court in imposing the maximum sentence under LSA-R.S. 14:94 of two years at hard labor. Firing shots at the deputies as shown by the record indicates a disposition toward violence which supports the action of the trial court. The defendant also received a benefit by the entry of his plea of guilty and the dismissal of the other charges. Further, under LSA-C.Cr.P. Article 893.1(1), the maximum sentence was mandatory. See State v. Victorian, 448 So.2d 1304 (La.App. 3rd Cir.1984), writ denied, 452 So.2d 167 (La.1984).[1]
Finding that the trial court complied with Article 894.1 in articulating his reasons for sentence and finding that the sentence imposed is not excessive, the defendant’s sentence is affirmed.
AFFIRMED.

. The judge’s failure to apply the mandatory provisions of C.Cr.P. Art. 893.1 relative to eligibility for parole results in an illegally lenient sentence, but this error cannot be considered by us because the State took no action. See State v. Arsby Samuel, 471 So.2d 883 (La.App. 2d Cir.1985), decided this date, wherein this issue, as well as State v. Jackson, 452 So.2d 682 (La. 1984), and the 1984 amendment to C.Cr.P. Art. 882 are discussed in detail.