573 So.2d 631 (1991)
STATE of Louisiana, Appellee,
v.
Gary D. WALKER, Appellant.
No. 22128-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1991.
*632 Richard E. Hiller, Asst. Indigent Defender, for appellant.
William J. Guste, Jr., Atty. Gen., Paul J. Carmouche, Dist. Atty., Jack Williams, Tommy J. Johnson, Asst. Dist. Atty., for appellee.
Before LINDSAY, HIGHTOWER, JJ., and PRICE, Judge Pro Tem.
LINDSAY, Judge.
The defendant, Gary Walker, was originally charged with DWI4th offense. The charge was subsequently amended to DWI 3rd offense. After a jury trial, the defendant was convicted as charged. The trial court sentenced the defendant to five years at hard labor, without benefit of probation, parole or suspension of sentence. The defendant appeals, claiming that his sentence is unconstitutionally excessive. We affirm.

FACTS
Shortly after 9:30 p.m. on August 20, 1989, Officer J.D. Reich was traveling north on Linwood Avenue in Shreveport, Louisiana, when the defendant pulled out in front of him. The defendant was leaving the parking lot of a fast food restaurant located near the intersection of Linwood and Kings Highway. The police officer, who was in uniform and driving a marked police car, had to slam on his brakes to avoid hitting the defendant's vehicle. Officer Reich decided not to pull the defendant over because he assumed that the defendant simply had not seen him. However, in the course of following the defendant for several blocks, the officer observed the defendant's vehicle straddling the white line and cutting in front of other cars in an unsafe manner. Consequently, he turned on his emergency lights and stopped the defendant's car.
The defendant stumbled while exiting from his vehicle. As he approached the *633 police car, Officer Reich was able to smell a strong odor of alcohol on the defendant from a distance of about six feet. The officer informed the defendant of his Miranda rights and began to administer a field sobriety test. However, upon being informed by the defendant that he had a foot injury, the officer discontinued the test. When Officer Reich asked him to recite the alphabet, the defendant "did not fare too well." His speech was slurred, and he became loud and abusive. His clothing appeared wrinkled and dirty.
Officer Reich discovered that the defendant's three-year-old son was in the vehicle and called for another officer to transport the child to a relative's home.
The defendant was handcuffed and transported to the police station. After his arrival, the rights form for submitting to the chemical test for intoxication was read to the defendant. Initially, he agreed to submit to the test, but then changed his mind. The defendant performed a field sobriety test which was videotaped.
A bill of information was filed on October 2, 1989, charging the defendant with DWI4th offense. However, on January 22, 1990, the bill was orally amended in open court to DWI3rd offense.
The defendant was tried before a jury on January 23rd and 24th, 1990. The state presented the testimony of law enforcement officers and court officials to establish the underlying predicate DWI offenses.[1] Also testifying on behalf of the state was Officer Reich, the arresting officer, and Officer J.A. Paradise of the Shreveport Police Department's Selective Enforcement Division, who videotaped the defendant's sobriety test. During the presentation of the state's case, the jury viewed the videotape.
The defendant testified in his own behalf. He maintained that, despite his consumption of six cans of beer and one or two Valium pills during the day, he was not intoxicated at the time of his arrest and his ability to drive was not impaired. He also contended that he acted angry and upset on the videotape because he was concerned about his son. Additionally, the defense presented the testimony of two of the defendant's brothers as to the defendant's activities earlier in the day. The jury convicted the defendant as charged.
On March 1, 1990, the trial court sentenced the defendant to five years at hard labor, without benefit of probation, parole, or suspension of sentence, the maximum term of imprisonment for this offense.
The defendant appealed. He initially filed two assignments of error. One assignment was not briefed and is thus deemed abandoned. URCA 2-12.4; State v. Williams, 338 So.2d 672 (La.1976). The remaining assignment of error challenges the defendant's sentence as being unconstitutionally excessive.

LAW
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C.Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La. 1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir. 1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance *634 with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La. 1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984).

DISCUSSION
The defendant argues that the trial court erred in imposing the maximum sentence upon him because he is not "the worst offender." In support of this argument, he states that there was no accident as a result of his conduct, which he further alleges neither caused or threatened any serious harm. He also contends that greater weight should have been accorded to the fact that he has five children and that he is employed.
In imposing sentence, the trial court noted the defendant's inability to "stay out of trouble." His criminal record began in 1969 as a juvenile when he was convicted of breaking the seal on a railroad car in West Virginia, a federal offense. In 1973, he was convicted of, and imprisoned for, the offenses of attempted first degree murder and attempted aggravated escape. He was released from prison in 1981. On separate occasions in 1984 he was arrested for DWI and two counts of theft; he was convicted of all three charges at various times in 1985. In 1986, he was again convicted of DWI.[2] In 1987, he was convicted of DWI3rd offense.[3] In March of 1988, he was sentenced to one-half the maximum sentence for that offense, or two and one-half years at hard labor.
*635 As a mitigating factor, the trial court acknowledged that the defendant's incarceration would cause a hardship on his family. However, the court found that the record failed to indicate that the hardship would be excessive. Additionally, the trial court found that the presence of the defendant's young son in the car at the time of the defendant's arrest was an aggravating factor.
The trial court found that the defendant needed correctional treatment best provided by commitment to a state institution. The court found that the defendant did not act under strong provocation, and that there were no substantial grounds tending to excuse or justify his actions. Furthermore, in light of the defendant's record, the trial court found his criminal conduct was likely to reoccur. The court also found that the defendant was a worst offender, deserving of the maximum penalty.
In State v. Richardson, 463 So.2d 853 (La.App. 2d Cir.1985), the defendant was also given the maximum sentence for DWI 3rd offense. In that case the defendant had been convicted of DWI eleven times in nine years. Although the defendant's most recent offense had not resulted in property damage or physical injuries, this court affirmed his sentence, finding that his extensive history of DWI offenses justified the maximum sentence.
Also, see and compare State v. Calton, 573 So.2d 635 (La.App. 2d Cir.1991) rendered this same day, wherein we affirmed the defendant's sentence for DWI3rd offense of five years at hard labor, six months of which was to be served without benefit of parole, probation or suspension of sentence. There, the defendant had accumulated 14 DWI convictions and numerous other misdemeanor traffic convictions over a 20 year period.
In the present case, while the defendants DWI history is not as extensive as those of the defendant's in Richardson, supra, and Calton, supra, this defendant has a more substantial criminal history of other offenses. He had serious felony convictions in 1969 and 1973. Despite these convictions and their resulting sentences, the defendant continued to commit other crimes. Since 1984, the defendant has received four DWI convictions and two theft convictions. One of his previous DWI convictions was on another charge of DWI3rd offense, for which he received one-half of the maximum sentence. However, that did not deter him from continuing his dangerous conduct of drinking and driving. Under all of these circumstances, we find no error in the trial court's imposition of the maximum sentence upon the defendant.
The defendant is obviously a threat, not only to himself, but also to his family (as evidenced by his child's presence in the car at the time of his arrest) and to the general public. The fact that no accident occurred in the instant case does not outweigh his significant criminal record and his threat of harm to the public.
Based on the foregoing, we find no error in the trial court's imposition of the maximum sentence upon this defendant.

CONCLUSION
The defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] On April 10, 1986, the defendant pled guilty to DWI in Shreveport City Court. On September 30, 1987, he pled guilty to DWI3rd offense in Caddo District Court.
[2] In connection with this incident, the defendant was also charged with aggravated assault (involving a gun) and simple criminal damage to property. These charges were apparently dismissed as part of the plea arrangement by which the defendant pled guilty to the DWI charge.
[3] Pursuant to the plea bargain for this offense, another DWI charge and a charge of illegal discharge of a firearm were dismissed.