LINDSAY, Judge.
The defendant, Curtis Calton, having pled guilty to driving while intoxicated, third offense, appeals as excessive his sentence to five years at hard labor, six months of which is to be served without benefit of parole, probation or suspension of sentence. We affirm.
FACTS
On October 31, 1986, local law enforcement officials stopped the defendant after observing him driving in an erratic manner. The defendant was crossing the double yellow line in the center of the highway into the opposing lane of traffic. The defendant was staggering and had a strong odor of alcohol about his person. He also had slurred speech and bloodshot eyes. The defendant submitted to a breath test which revealed that his blood alcohol content was .20.
A bill of information was filed, charging the defendant with driving while intoxicated, fourth offense. On January 12, 1987, pursuant to a plea bargain agreement, the defendant entered a plea of guilty to the reduced charge of driving while intoxicated, third offense. In April, 1987, the defendant failed to appear for sentencing and a bench warrant was issued for his arrest.
On May 21, 1990, the defendant appeared before the court for sentencing. The court sentenced the defendant to serve five years at hard labor, six months of which is to be served without benefit of parole, probation, or suspension of sentence. The defendant appeals his sentence as excessive.
LAW
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C.Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C. Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.- *638 1. State v. Landos, 419 So.2d 475 (La. 1982). Important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La.1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the benefit received by a plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration. State v. Griffin, 455 So.2d 681 (La.App. 2d Cir.1984), writ denied 458 So.2d 128 (La.1984); State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984); State v. Winzer, 465 So.2d 817 (La. App. 2d Cir.1985).
DISCUSSION
The record shows that the trial court adequately articulated the factors considered in sentencing under LSA-C. Cr.P. Art. 894.1. The court stated that the defendant was forty-five-years-old at the time of sentencing, was married, and had a thirteen-year-old daughter residing with him. The defendant was self-employed as a mechanic, had a limited education and was unable to read or write. The court also noted that the defendant was diabetic.
The court noted that the defendant had an extensive criminal record, largely involving traffic violations and offenses of driving while intoxicated. The court noted that the defendant’s criminal record began with an arrest for driving while intoxicated in 1966. The court outlined the defendant’s extensive criminal record and found that the defendant had fourteen convictions for driving while intoxicated, five convictions for driving under revocation, twelve convictions for driving without a license and two convictions for careless and reckless driving.
Although the defendant had, on several occasions, received suspended sentences for his DWI convictions, and had even participated in treatment programs, he consistently returned to drinking and driving and additional violations resulted. The court found that, as a second felony offender, the defendant was not entitled to a suspended sentence and that there was an undue risk that, if given a suspended sentence, the *639 defendant would commit another offense. The court found that the defendant was in need of correctional treatment and a custodial environment and that any lesser sentence than the one actually imposed would deprecate the seriousness of the offense.
The court stated that the defendant’s crime did not actually cause or threaten serious harm in this instance but noted that, given the defendant’s extensive record of driving while intoxicated, it was a “miracle” that no one had been killed.
The court stated that the defendant must have contemplated that his conduct would cause or threaten serious harm, that the defendant did not act under strong provocation and that there were no grounds to justify or excuse the defendant’s conduct. The court found that this offense was the result of circumstances likely to recur and that there was a great likelihood that the defendant would commit another crime. The court found that it was unlikely that the defendant would respond favorably to probationary treatment. The court noted that incarceration would not entail an excessive hardship on the defendant, although it might impose somewhat of a hardship on the defendant’s daughter. From these factors, it is clear that the court adequately detailed its reasons for sentencing as required by LSA-C.Cr.P. Art. 894.1.
Under the facts of this case, the court did not abuse its discretion in imposing a sentence of five years at hard labor, with six months to be served without benefit of parole, probation or suspension of sentence in this case. The defendant had an extensive prior criminal record involving driving while intoxicated and other driving offenses. The defendant’s continued violation of the drunk driving statute is serious. We further note that he derived a significant benefit through a favorable plea bargain agreement whereby the charge of driving while intoxicated, fourth offense, was reduced to a charge of driving while intoxicated, third offense. Given these factors, the sentence was tailored to both the offender and the offense. The sentence imposed does not shock our sense of justice and is well within the trial court’s discretion.[1]
ERRORS PATENT
The defendant also seeks to have the court review the record for errors patent on the face of the record, pursuant to LSA-C.Cr.P. Art. 920. The record in this case reveals no such errors patent.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Curtis Calton.
AFFIRMED.

. See and compare State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991), also rendered this date by this court in which we affirmed a sentence of five years at hard labor for DWI-3rd offense. The defendant, with an extensive criminal record, was ordered to serve the entire sentence without benefit of parole, probation, or suspension of sentence.