687 So.2d 652 (1997)
STATE of Louisiana, Appellee,
v.
Bryan E. LANDMAN, Appellant.
No. 29,211-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1997.
*653 Amado Leija, West Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Stephen T. Sylvester, Assistant District Attorney, for Appellee.
Before NORRIS, CARAWAY and PEATROSS, JJ.
PEATROSS, Judge.
Defendant, Bryan E. Landman, charged with attempted forcible rape and second degree battery, LSA-R.S. 14:34.1, agreed to plead guilty to second degree battery in exchange for the dismissal of the attempted forcible rape charge. The trial court sentenced defendant to serve four and one-half years at hard labor and denied a timely motion for reconsideration. Defendant contends his sentence is excessive. We affirm.

FACTS
In October, 1995, the victim, Lyndsey Martin, and Ms. A.D. went to the defendant's Monroe residence. Defendant and A.D. engaged in a verbal and physical altercation in his bedroom which resulted in a charge of attempted forcible rape. Upon hearing the commotion, Ms. Martin opened the bedroom door and both young women fled, with defendant in pursuit. Once outside the house, defendant grabbed Ms. Martin, threw her to the ground and kicked her in the face, breaking *654 her jaw. Her medical bills exceeded $16,000.
Prior to imposing sentence, the trial judge reviewed a presentence investigation report which thoroughly discussed defendant's background. The trial judge noted that defendant had broken the victim's jaw in two places. The defendant's record showed he had an explosive temper as evidenced by defendant's response to questioning about his three prior arrests for simple battery in which he told the probation officer, "I just like to fight and raise hell." The defendant had two convictions for simple battery plus other convictions for misdemeanor theft, criminal trespass, disturbing the peace, indecent exposure, reckless operation of a vehicle (reduced from DWI), and a second incident of indecent exposure. The trial judge noted that the dismissal of the attempted forcible rape charge was a result of the plea bargain and he found no mitigating factors. The trial judge concluded that defendant, who had continued to commit criminal offenses while on two prior periods of probation, was likely to engage in further criminal conduct if granted probation, that he was in need of a custodial environment and that a lesser sentence would deprecate the seriousness of the offense.

DISCUSSION
On appeal, defendant contends that the near maximum sentence is excessive since he is not the worst type of offender for whom such sentences normally are reserved, and that he is a "good candidate for probation." Defendant further contends that the trial judge failed to consider as mitigating circumstances that the offense was not premeditated and was not deliberately cruel in any manner not already considered by the nature of the offense itself.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Thompson, 25,583 (La. App.2d Cir. 1/19/94), 631 So.2d 555.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983). The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Strange, 28,466 (La.App.2d Cir. 6/26/96), 677 So.2d 587; State v. Hudgins, supra. The PSI report reviewed by the trial court contained information on all the above listed factors; the court's recitation of reasons for sentence indicate that the court considered the entire report.
A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Chriceol, 26,449 (La.App.2d Cir. 10/28/94), 645 So.2d 286; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987); State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
Whether a sentence is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment *655 are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Tuttle, 26,307 (La.App.2d Cir. 9/21/94), 643 So.2d 304.
As a general rule, maximum or near maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Madison, supra; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Strange, supra; State v. Woodman, 28,004 (La.App.2d Cir. 1/24/96), 666 So.2d 1255; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.), writ denied, 435 So.2d 438 (1983).
The record shows the defendant acted without any provocation or excuse. He has a history of inflicting physical abuse upon others which merits the imposition of a near maximum sentence. See State v. Faulkner, 570 So.2d 516 (La.App. 5th Cir.1990), in which the defendant in that case, a first felony offender convicted of second degree battery, attacked a female victim, striking her several times in the face and side. The victim in that case suffered a broken nose, fractured ribs and a punctured lung. That court affirmed a 5-year sentence.
Defendant herein continued to engage in criminal acts while on probation for previous convictions; and, therefore, is not an acceptable candidate for probation. In addition, defendant received a substantial benefit as a result of the plea bargain, in that the attempted forcible rape charge was dismissed. The sentence is not disproportionate to the defendant's conduct and the seriousness of the offense and is not shocking to our sense of justice. The assigned error is without merit.
We have examined the record for error patent and found none.

CONCLUSION
The conviction and sentence are affirmed.
AFFIRMED.