797 So.2d 138 (2001)
STATE of Louisiana, Appellee,
v.
Eric HUNT, Appellant.
No. 34,945-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2001.
Rehearing Denied October 25, 2001.
*140 John M. Lawrence, Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, J. Thomas Butler and William J. Edwards, Assistant District Attorneys, Counsel for Appellee.
Before NORRIS, GASKINS and PEATROSS, JJ.
NORRIS, Chief Judge.
Eric Hunt appeals his conviction of simple burglary and sentence as a second felony offender of ten years at hard labor without benefit of probation or suspension of sentence from the First Judicial District Court, Parish of Caddo. For the reasons set forth below, we affirm the conviction and sentence.

Facts
In broad daylight on Saturday, December 12, 1998, Hunt and an associate, broke into a car owned by Sandra McKinney and stole from it several items including a portable CD player. These events occurred in Shreveport, Louisiana, outside of the Hamilton Branch of the Shreve Memorial Library at 2604 Hillcrest Street, shortly before noon. McKinney saw Hunt in the car and watched him remove the CD player. A witness, Steven Nunsant, chased Hunt and watched the police arrest him. McKinney then identified Hunt as the perpetrator.
*141 Defendant appeals and asserts the following assignments of error: the evidence was insufficient, hearsay and opinion evidence were improperly admitted at trial, an excessive sentence was imposed, and his trial counsel was constitutionally ineffective.

DiscussionSufficiency of the Evidence
Hunt argues as an assignment of error that the trial court erred in not granting his Motion for New Trial and Motion for Post Verdict Judgment of Acquittal or Modification of Verdict. In brief he argues that consideration be given to his medical condition, and that the evidence is only sufficient to maintain a verdict of guilty of attempted simple burglary of a vehicle.
Defendant made a motion for new trial under La. C.Cr.P. art. 851(1), which provides that the court shall grant a motion for new trial whenever the verdict is contrary to the law and the evidence, i.e., that the evidence was insufficient to sustain the conviction. Under this article the trial judge has wide discretion to determine the weight of the evidence. The refusal to grant such a motion is subject to appellate review, only for error of law. State v. Mitchell, 26,070 (La.App.2d Cir.6/22/94), 639 So.2d 391, writ denied, 94-1981 (La.12/16/94), 648 So.2d 387, citing Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
Defendant also made a motion for post verdict judgment of acquittal, which raises the question of sufficiency of the evidence and shall be granted only if the court finds that the evidence, viewed in a light most favorable to the State, does not reasonably permit a finding of guilty. La.C.Cr.P. art. 821(B); State v. Thibodeaux, 98-1673 (La.9/8/99), 750 So.2d 916, cert. denied, 529 U.S. 1112, 120 S.Ct. 1969, 146 L.Ed.2d 800 (2000). In the same motion, defendant suggested in the alternative that the verdict should be amended to a finding of guilty of attempted simple burglary.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La. App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
To convict the defendant of simple burglary, the state had to prove beyond a reasonable doubt that he entered a vehicle without authority and that he did so with the intent to commit a theft or any felony therein. La. R.S. 14:62.
The victim, Sandra McKinney, testified that on the date in question when she went to work at the Hamilton Branch Library her car had no broken windows. When she went out for lunch, she saw the driver's side window was broken, the door was open, and Hunt was leaning across the front seat going through the car's glove compartment. Several items which belonged to McKinney were already on the ground outside the car when she watched Hunt take a Sony Walkman CD player from the car. When Hunt and an associate began to flee the scene, McKinney watched Steven Nunsant run after them. Shortly thereafter, she identified Hunt and *142 his companion at the scene when the police brought them back after a short chase. At trial she testified that Hunt was the person she had seen in her car and that he was there without her authority.
Steven Nunsant testified that, upon arriving at the scene, he saw two persons breaking into McKinney's car. They broke a window on the car and, shortly thereafter, when they fled, Nunsant chased them. Nunsant recognized Hunt, whom he identified by name, because they attend the same church. Nunsant saw the police arrest defendant, and he saw McKinney identify Hunt as the person who broke into her car.
Shreveport Police Officer S.W. Plunkett testified that when he responded to the radio notification of the burglary, Nunsant flagged him down and pointed to where the suspects had run. Plunkett apprehended both men and, with the aid of Detective S.L. Brown, arrested them. Upon returning to the scene, McKinney identified Hunt as the man who had been in her car. Both Plunkett and Brown identified him in court.
The evidence shows Hunt entered the victim's car without authority, intended to steal property from it, and did so. The evidence is sufficient, beyond a reasonable doubt, to support the verdict of guilty of simple burglary. The district court did not err in denying the motions for new trial and for post verdict judgment of acquittal. The assignment of error is without merit.

Hearsay
Hunt argues as an assignment of error that the trial court erred by overruling his objection to hearsay testimony. Specifically, he complains that Sandra McKinney was permitted to refer to a 911 call without the state having established a hearsay exception under La. C.E. art. 803.
The challenged statement was made by Ms. McKinney when she testified that, as she watched the defendant run from her car, someone in the library said they had "911 folks" on the phone. The statement does not contain a statement of fact other than that a 911 operator was on the phone. There was no statement of what the operator said.
The State said it offered the statement not to prove the truth of the matter asserted, but only to show the course of action Ms. McKinney took. The statement also lays the foundation for why the arresting officers arrived at the scene.
The state, correctly, points out that it did not have to establish an exception to the hearsay rule, because the "statement" complained of was not a statement within the purview of article 803. That article defines hearsay as "a statement, other than one made by the declarant while testifying at the present trial or hearing, which is offered in evidence to prove the truth of the matter asserted."
A statement that is not introduced to prove the truth of the matter asserted is not hearsay. State v. Bratton, 32,090 (La.App.2d Cir.6/16/99), 742 So.2d 896; State v. Tate, 25,765 (La.App.2d Cir.2/23/94), 632 So.2d 1213. When a statement is offered to show why someone took a particular course of action, it is not hearsay. State v. Taylor, 550 So.2d 712, 720 (La.App. 2d Cir.1989), writ denied, 556 So.2d 54 (La.1990).
The assignment of error is without merit.

Opinion Testimony
Hunt argues as an assignment of error that the trial court erred by overruling his objection to opinion testimony. On cross-examination, defense counsel asked Officer Plunkett, who had apprehended the suspect, whether any fingerprints had *143 been lifted from the victim's car, the boots inside the vehicle, or from the Walkman CD player. The officer stated that none had. On redirect, the prosecutor asked Plunkett to explain "what it takes to actually recover fingerprints from a vehicle." Defense counsel objected, urging that Plunkett was not qualified as an expert on the raising of fingerprints. The court overruled the objection, and the officer explained that what he meant by saying that no prints were recovered is that the technique the police used was unable to detect or "lift" any fingerprints from the scene. He further testified that it is often difficult to lift prints from plastic surfaces, like the car's interior.
The defense counsel on appeal argues that this testimony was not harmless and that it "likely contributed to the guilty verdict." The state argues that the defense opened the door to this line of questioning during cross-examination.
A law enforcement officer may testify as to matters within his personal knowledge, acquired through experience, without first being qualified as an expert. State v. Lowery, 609 So.2d 1125, 1128 (La. App. 2d Cir.1992), writ denied, 617 So.2d 905 (1993). The defense opened the door to this line of inquiry, and no prejudice was caused the defendant by the subsequent clarification of his earlier testimony by the officer.
This court finds that the prosecution's question was not in error, furthermore, the court did not err in overruling the defense objection. The assignment of error is without merit.

Excessive Sentence
Hunt argues as an assignment of error that the trial court erred by imposing an excessive sentence of ten years at hard labor as a second felony offender without benefit of probation or suspension of sentence. Defense counsel made an oral motion for reconsideration at the time of sentencing, filed a written motion, and then filed a supplemental motion for reconsideration. The written motions to reconsider included requests that the district court consider defendant's medical condition, contending that his criminal history "has resulted from medical problems due to his gunshot wound to his head." The trial court denied reconsideration.
Appellate defense counsel concedes in brief that the district court correctly adjudicated Hunt as a second felony offender with a prior conviction for simple robbery. Hunt has a serious misdemeanor record with in excess of 45 arrests for theft, shoplifting, and public intoxication over a ten year period. He urges, however, that the sentencing court failed to give sufficient weight to his medical records.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense, or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
If the sentence imposed is within the statutory limits, a trial court has wide discretion in sentencing. Without a showing of an abuse of discretion by the trial judge, this court will not set aside a sentence as constitutionally excessive. State v. Square, 433 So.2d 104 (La.1983); *144 State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
The sentencing court is charged with reviewing the circumstances surrounding the offense and should impose a sentence fitting the defendant's conduct. State v. Cook, 598 So.2d 481 (La.App.2d Cir.1992). The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Landman, 29,211 (La. App.2d Cir.1/22/97), 687 So.2d 652; State v. Tully, 430 So.2d 124 (La.App. 2d Cir. 1983), writ denied, 435 So.2d 438 (1983).
The record shows the district court was well aware of the claim that defendant's criminal conduct was somehow caused by his head injury. Defense counsel made the argument to the court before it imposed sentence. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La. App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
The medical records submitted with the final motion for reconsideration are four to twelve years old and, while proving that Hunt had a gunshot wound to the head, do not attribute his subsequent criminal behavior to that injury. Prior to imposing sentence, the court reviewed a PSI report. The court considered the facts of the case, noted Hunt's extensive misdemeanor record and that his parole on the simple robbery conviction had been revoked due to the commission of another offense. The court considered his mental health problem as mitigation.
There is no showing of a manifest abuse of sentencing discretion. Hunt, as an adjudicated second felony offender, faced from six to twenty-four years at hard labor. The sentence imposed is lawful and is less than half of the range available to the court. The sentence is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. The court's articulation and the matters of record adequately support the sentence imposed on this second felony offender. The sentence is not constitutionally excessive.
The assignment of error is without merit.

Ineffective Assistance of Counsel
Hunt argues as his fifth assignment of error that he received ineffective assistance of counsel.
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post conviction relief in the trial court than by appeal. This is because PCR creates the opportunity for a full evidentiary hearing under La. C.Cr.P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Green, 27,652 (La. App.2d Cir.1/24/96), 666 So.2d 1302. However, when the record is sufficient, an appellate court may resolve this issue on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La. App.2d Cir.9/27/95), 661 So.2d 673.
A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish that his attorney was ineffective, the defendant first must show that counsel's performance was deficient, and that counsel's deficient performance prejudiced his defense. Strickland, supra. To establish the prejudice prong of the test, defendant must show that, but for counsel's unprofessional errors, there *145 is a reasonable probability that the outcome of the trial would have been different. Strickland, supra; State v. Pratt, 26,862 (La.App.2d Cir.4/5/95), 653 So.2d 174. A reviewing court must give great deference to trial counsel's judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. State v. Moore, 575 So.2d 928 (La.App. 2d Cir.1991).
Appellate defense counsel asserts that Hunt received ineffective assistance of counsel when trial defense counsel did not request a sanity hearing for defendant. Appellate defense counsel points out that, after trial, Hunt obtained medical records from LSUMC which showed that he had undergone treatment for a gunshot wound to the head and for mental problems including auditory hallucinations and suicidal ideations. Appellate defense counsel complains that defendant's mother told trial defense counsel about these matters before trial, but trial counsel proceeded to trial without seeking a competency determination of his ability to participate in his defense and without entering a plea of not guilty by reason of insanity.
To succeed in this assignment of error, appellate defense counsel must establish that it was both a deficient performance on the part of trial defense counsel not to conduct a sanity hearing for the defendant, and that this failure prejudiced the defendant.
Due process requires that states adopt adequate anticipatory measures to minimize the risk that an incompetent person may be tried and convicted. Medina v. California, 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). Nevertheless, Louisiana presumes that a defendant is sane and competent to proceed. La. R.S. 15:432; State v. Charles, 450 So.2d 1287, 1289 (La.1984).
The appointment of a sanity commission is not a perfunctory matter or a ministerial duty of the trial court, nor is it guaranteed to every accused in every case. State v. Nix, 327 So.2d 301 (La. 1975), cert. denied 425 U.S. 954, 96 S.Ct. 1732, 48 L.Ed.2d 198.
La. C.Cr.P. art. 643 provides that "[t]he court shall order a mental examination of the defendant when it has reasonable ground to doubt the defendant's mental capacity to proceed." Reasonable grounds consist of objectively considered information which raises a reasonable doubt about defendant's competency, that the defendant can neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense. State v. Martin, XXXX-XXXX (La.9/22/00), 769 So.2d 1168, quoting Lokos v. Capps, 625 F.2d 1258, 1261 (5th Cir. 1980).
The record reflects that trial defense counsel believed his client's competency not to be an issue in this case, because, although he was advised of his client's medical conditions by his client's mother, his numerous interviews with his client left no doubt in his mind that his client understood the nature of the proceedings against him. Trial defense counsel stated for the record that he had explained the legal standard for competency to Hunt's mother and had explained that he did not believe that the defendant fell below that standard. The trial judge noted for the record that the defendant had tried to negotiate an agreed sentence in this matter, and took that as an indication of his competency to proceed. The trial judge concurred with trial defense counsel and concluded that the defendant had the capacity to proceed.
As there exist no reasonable grounds upon which to believe that Hunt at any time fell below the standards for legal competence, the trial court was not in error, and trial defense counsel was not deficient *146 in not requesting a sanity commission review the defendant at trial. Furthermore, trial defense counsel's decision not to invoke a sanity commission does not undermine the confidence in the outcome of the trial. Appellate defense counsel has not shown that a different outcome probably would have occurred if a motion to determine competency had been filed.
Trial defense counsel's conduct as to this issue cannot be considered ineffective assistance of counsel under Strickland, as it was neither deficient nor prejudicial. The assignment of error is without merit.

Conclusion
Hunt has failed to demonstrate that the district court erred or abused its discretion in its rulings on objections, in denying post trial motions or in the imposition of sentence. He has not demonstrated that he received ineffective assistance of counsel. For the reasons set forth above, the conviction and sentence are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before, NORRIS, C.J., BROWN, GASKINS, PEATROSS, and DREW, JJ.
Rehearing denied.