797 So.2d 146 (2001)
STATE of Louisiana, Plaintiff-Appellee,
v.
Willie ADGER, Defendant-Appellant.
No. 35,111-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2001.
*147 J. Wilson Rambo, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Tommy J. Johnson, Jason Wayne Waltman, Assistant District Attorneys, Counsel for Appellee.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
NORRIS, Chief Judge.
Willie Adger appeals his conviction of unauthorized entry of a place of business and sentence of five years imprisonment at hard labor, with credit for time served, from the First Judicial District Court, Parish of Caddo. For the reasons set forth below, we affirm the conviction and sentence.

Facts
On January 16, 2000, Officer James Herring of the Shreveport Police Department responded to a silent alarm call at Pulmonary Medicine Associates, a doctors' office building, located at 850 Olive Street in Shreveport. Approximately two minutes later, Herring arrived at the address and found Officer Lucio already on the scene. Lucio advised Herring by radio that a window to the office was broken, and that a front door was ajar. Lucio had secured the front door of the office, and Herring went to secure the back door at the south end of the building, while the officers waited for the K-9 unit to arrive.
While at the back door, Officer Herring saw the door open and the defendant exit *148 the building. Officer Herring arrested the defendant and transported him to the city jail. A subsequent search of the building revealed no objects or blood near the broken window. Some of the doctors' drug samples were disturbed. No fingerprints were taken from the scene.
The defendant was charged with unauthorized entry of a place of business and tried before a six person jury. At trial, Officer Herring was called as a witness for the prosecution and positively identified the defendant as the man whom he saw exit the back door of the office building located at 850 Olive Street, on January 16, 2000. An employee of the doctors' office testified that Adger did not have permission to be in the building.
The jury found the defendant guilty as charged and the defendant filed a motion for post verdict judgment of acquittal, which was denied. The defendant was sentenced to serve five years at hard labor, with credit for time served.
Adger appeals his conviction, stating that the evidence was insufficient to support a conviction for unauthorized entry of a place of business, and that his sentence is excessive.

DiscussionSufficiency of the Evidence
Adger argues in his first assignment of error that the evidence presented against him was insufficient for the jury to find him guilty of the offense charged. For the same reason, he contends in his second assignment of error that his motion for a post verdict judgment of acquittal should not have been denied. He argues that the only evidence placing the defendant in the building was the testimony of Officer Herring, and that no physical evidence connected him with the crime.
A motion for post verdict judgment of acquittal raises the question of sufficiency of the evidence and shall be granted only if the court finds that the evidence, viewed in a light most favorable to the State, does not reasonably permit a finding of guilty. La. C.Cr.P. art. 821B; State v. Thibodeaux, 98-1673 (La.9/8/99), 750 So.2d 916, cert. denied, 529 U.S. 1112, 120 S.Ct. 1969, 146 L.Ed.2d 800 (2000).
A sufficiency of the evidence claim is reviewed under the Jackson v. Virginia standard of whether, in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
This court's authority to review questions of fact in a criminal case does not extend to credibility determinations made by the trier of fact, and is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). The trier of fact has great discretion in assessing the credibility of witnesses. State v. Ervin, 32,430 (La.App.2d Cir.9/22/99), 747 So.2d 109, writ denied, XXXX-XXXX (La.4/20/00), 769 So.2d 342.
Absent internal contradictions or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Taylor, 34,096 (La.App.2d Cir.12/15/00), 774 So.2d 379; State v. Gradick, 29,231 (La.App.2d Cir.1/22/97), 687 So.2d 1071. Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La. App.2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12.
*149 To convict the defendant of unauthorized entry of a place of business, the State had to prove beyond a reasonable doubt that Adger intentionally entered a place of business belonging to another, that was enclosed by a physical barrier at least six feet high, without the authority to do so. La. R.S. 14:62.4A; State v. Scott, 27104 (La.App.2d Cir.6/21/95) 658 So.2d 251, writ denied, 97-2049 (La.2/13/98) 706 So.2d 990.
Upon review, the record supports the trial court's denial of the defendant's motion for a post verdict judgment of acquittal. The record further supports the jury's finding of fact that all of the elements of the crime of unauthorized entry into a place of business had been proven.
At trial, Officer Herring positively identified the defendant as the person whom he saw come out of the door of Pulmonary Medicine Associates at 850 Olive Street on the night of the offense. The record contains no internal contradictions or irreconcilable conflict with Officer Herring's testimony; therefore, the lack of "physical evidence" cited by defendant in brief is of no moment, given the positive identification. State v. Taylor, supra; State v. Gradick, supra; State v. White, 28,095 (La.App. 2 Cir. 5/8/96), 1996 WL 229423, 674 So.2d 1018, supra.
Furthermore, the testimony of Jody Denler, an employee at Pulmonary Medicine Associates, was sufficient to prove that the office building was a place of business belonging to another, which the defendant had no permission to be in when he was apprehended.
This evidence, viewed in the light most favorable to the prosecution, is sufficient to support the defendant's conviction. Thus, the jury's credibility determinations and findings of fact will not be disturbed on appeal.
The first and second assignments of error are without merit.

Excessive Sentence
Defendant's third assignment of error is that the trial court imposed an excessive sentence upon Appellant. Defendant's fourth assignment of error is that the trial court failed to adequately comply with the requirements of La.C.Cr.P. art. 894.1 in fashioning Appellant's punishment. The defendant argues these two assignments of error together.
Defendant argues that his sentence of five years at hard labor is near the maximum sentence for the offense, that he does not have a long history of violent crimes or harming others, and that his conduct neither caused nor threatened serious harm. Furthermore, the defendant contends that the fact that the State declined to file a habitual offender bill is not sufficient basis for the near-maximum sentence. He requests that the sentence be vacated and the matter be remanded for re-sentencing.
Defendant further contends that, although he filed no motion to reconsider sentence, this court has the authority to review the constitutionality of his sentence. The defendant complains that, because the trial court failed to comply with La.C.Cr.P. art. 894.1, the record is insufficient to adequately review the constitutionality of the sentence. He requests that his sentence be vacated and the matter remanded for re-sentencing in compliance with La. C.Cr.P. art. 894.1.
In sentencing the defendant, the trial court stated that it considered what it appreciated to be the defendant's history. The trial court noted that one of the considerations for the sentence was that the State declined to file a habitual offender bill, which would have increased the minimum sentence.
*150 When a defendant fails to file a La.C.Cr.P. art. 881.1 motion to reconsider sentence, the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Because the defendant failed to file this motion, review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, supra; State v. Duncan, supra.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense, or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
If the sentence imposed is within the statutory limits, a trial court has wide discretion in sentencing. Without a showing of an abuse of discretion by the trial judge, this court will not set aside a sentence as constitutionally excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Soco, 441 So.2d 719 (La.1983); State v. Walker, 29,877 (La. App.2d Cir.10/29/97), 702 So.2d 18.
The sentencing court is charged with reviewing the circumstances surrounding the offense and should impose a sentence fitting the defendant's conduct. State v. Cook, 598 So.2d 481 (La.App. 2d Cir.4/08/92) supra. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Landman, 29,211 (La. App.2d Cir.1/22/97), 687 So.2d 652; State v. Tully, 430 So.2d 124 (La.App. 2d Cir. 1983), writ denied, 435 So.2d 438 (La. 1983).
The maximum punishment for the crime of unauthorized entry of a place of business is a fine of not more than one thousand dollars and imprisonment with hard labor for not more than six years, as set forth in La. R.S. 14:62.4B. The defendant's sentence was near the maximum prison term and did not include a fine. Nevertheless, it does not shock the sense of justice viewed in light of the harm done to society. State v. Hogan, supra; State v. Bradford, supra.
The court stated at sentencing that it considered the circumstances of the case and the background of the defendant, and made reference to his prior criminal activity. Defendant's rap sheet, which was produced during pre-trial discovery but not entered as evidence at trial, shows arrests for absconding from parole for murder in Missouri and aggravated obstruction of a highway, and a conviction for disturbing the peace. The State made known its ability to file a habitual offender bill in this case, which would have increased the sentencing range to between 3 and 12 years as set forth in La. R.S. 15:529.1. The sentencing court viewed the circumstances surrounding the offense and imposed what it believed to be a sentence fitting the defendant's conduct. State v. Cook, supra. It considered the factors and evidence that *151 it deemed important to a determination of the best interest of the public and the defendant. State v. Landman, supra; State v. Woodman, 28,004 (La.App. 2 Cir.1/24/96), 666 So.2d 1255, supra; State v. Tully, supra.
Based upon the record and the evidence from the trial court, we are unable to declare that the trial court manifestly abused its discretion in sentencing the defendant. Thus, this court will not set aside the sentence as constitutionally excessive. State v. Square, supra; State v. Whitney, 33,800 (La.App.2d Cir.11/15/00), 772 So.2d 945; State v. Overby, 30,589 (La.App.2d Cir.4/8/98), 714 So.2d 28.
The third and fourth assignments of error are without merit.

Conclusion
For the reasons set forth above, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.