| .MOORE, J.
The appellant was convicted by a jury for aggravated battery of a fellow inmate and sentenced to the maximum term of 10 years at hard labor to be served consecutive to the six-year sentence he is currently serving. The defendant appeals his sentence. We affirm.
Facts
The defendant apparently had a disagreement regarding cigarettes with the victim, fellow inmate Troy Millican. Later, while Millican was asleep on his bed at the Richland Parish Detention Center, defendant beat him in the face with a padlock. The victim was taken to a hospital for his facial injuries, which required 52 stitches. Defendant was charged with aggravated battery, tried by a jury and convicted as charged. He was subsequently sentenced by the court to ten years at hard labor. The sentence is to be served consecutively to a six-year sentence he is now serving.
Defendant complains that the trial court imposed an excessive sentence under the circumstances. He asserts that he has been denied necessary medications to help in controlling his anger, and he claims he has not received correctional treatment since he has been in state custody since age 16. He says he is subjected to harassment and threats at the detention center. He argues that the state should bear some of the responsibility for the offense, and his incarceration should be with special conditions and programs to rehabilitate him.
The state argues that the appellant’s history of violence and the brutal attack on a sleeping victim support the maximum sentence.
| ¡.The crime of aggravated' battery carries a maximum sentence of ten years imprisonment with or without hard labor and a fine up to five thousand dollars, or both. La. R.S. 14:34.
Under the sentencing guidelines set forth in La. C. Cr. P. art. 894.1(A), when a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most *622 effectively by his commitment to an institution.
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
[[Image here]]
(25) There were substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense.
[[Image here]]
(29) The defendant’s criminal conduct was the result of circumstances unlikely to recur.
(30) The defendant is particularly likely to respond affirmatively to probationary treatment.
[[Image here]]
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
The record shows that, contrary to the statement that defendant has been in custody since age 16, this defendant had the benefit of a probated sentence on his first felony conviction, a simple robbery conviction. Further, |3he committed his second felony, an armed robbery, during that probation périod. The record also supports the conclusion that the defendant has a history of violent behavior and that he has not learned from his past mistakes. The trial court did not misapply the provisions of La. C. Cr. P. art. 894.1 A when it decided that the appellant needed to be incarcerated for a substantial term.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took Cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2 Cir. 6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2 Cir.), writ denied, 521 So.2d 1143 (1988).
|4The record shows the trial court was aware of defendant’s claim that he was previously on medication for anger management. The court reviewed the PSI. The PSI indicates that the defendant has had “psychiatric problems” since he was 13, and he has not taken any medications since he was first incarcerated in 1997. The report also states that he has tried to get appointments for his mental health but cannot do so because of the cost.
At the sentencing hearing the appellate counsel told the trial court that the appellant “had emotional problems controlling his temper at an early age and I think that he was placed upon some medication for that ... he has not been able to get his medication....”
*623 The trial court found the appellant to be a violent person. He stated that even though the victim was a fellow inmate, he and others in the prison environment deserved to be protected from this behavior. The trial court noted that the appellant had been in seven fights while incarcerated.
Further, the trial court had no reason to find, as the appellate counsel argues in his brief, that the victim in some way was responsible for this fight. Instead, the record shows that the victim was brutally beaten while he was sleeping on his bed. The lacerations on the victim’s face required 52 stitches.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App. 2 Cir. 2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
|RAs this court said in State v. Hunt, 34,945 (La.App. 2 Cir. 9/26/01), 797 So.2d 138, rehearing denied (10/25/01), “The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant.” State v. Landman, 29,211 (La.App. 2 Cir. 1/22/97), 687 So.2d 652; State v. Tully, 430 So.2d 124 (La.App. 2 Cir.), writ denied, 435 So.2d 438 (1983).
This 10-year maximum sentence is admittedly harsh, but there is no showing of a manifest abuse of sentencing discretion. The sentence is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. The court’s articulation and the matters of record adequately support the sentence imposed on this third felony offender.
The assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.